# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LYNETTE LEWIS,<br>       Appellant, | DOCKET NUMBER<br>PH-0752-20-0030-I-1 |
|     v. | |
| SOCIAL SECURITY<br>   ADMINISTRATION,<br>      Agency. | DATE: August 28, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lynette Lewis, Baltimore, Maryland, pro se.

Julie Tong, Esquire, Jennifer Karangelen, Esquire, and
   Daniel Hutman, Esquire, Baltimore, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal with prejudice as a sanction for her repeated failures to obey

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the administrative judge's discovery-related orders. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b)

## BACKGROUND

The appellant filed an appeal of her removal based on three charges, misuse of a government computer (37 specifications), conduct unbecoming (2 specifications), and lack of candor (8 specifications). Initial Appeal File (IAF), Tab 1, Tab 6 at 44-65. The administrative judge issued an acknowledgment order setting forth, among other things, the Board's discovery process, and the agency timely served the appellant with interrogatories and requests for the production of documents and noticed her deposition. IAF, Tab 2 at 3, Tab 28 at 11-12, Tab 32 at 13-26. After extensive proceedings, the administrative judge dismissed this appeal with prejudice as a sanction for the appellant's willful failure to comply with multiple orders concerning discovery, both written and by deposition. Initial Appeal File (IAF), Tab 63, Initial Decision, (ID) at 9-12. He also found that the appellant filed fraudulent evidence in an attempt to mislead the Board into believing that she had supplemented her

written discovery responses in compliance with the administrative judge's order. ID at 13-15. The chronology of the appellant's failure to respond to the administrative judge's orders on discovery is recounted in significant detail in the initial decision, but we set forth the relevant facts below. ID at 2-7. We first address the appellant's failure to respond to the agency's written discovery requests, then address her false assertion that she adequately responded by supplementing her discovery responses, and finally address her failure to answer relevant deposition questions.

<u>The administrative judge found that the appellant failed to comply with his orders to respond to the agency's written discovery.</u>

The appellant timely responded to the agency's written discovery, but her response to each of the agency's interrogatories and requests for production asserted that:

> Ms. Lewis's VA disability requires that you use Lynette Lewis's response to her rebuttal to the proposal to removal, for all the information you are requesting. Ms. Lewis's traumatization and the financial hardship that SSA has caused her due to them firing her, doesn't allow her access to these records.

IAF, Tab 32 at 33-36, 41-46. The agency timely filed a motion to compel, and the appellant failed to contest the motion within the time period allowed under the Board's regulations.[2] IAF, Tab 32, Tab 35 at 1. The agency also filed a motion for sanctions. IAF, Tab 34. The administrative judge granted the motion to compel and issued a January 7, 2020 order requiring the appellant to file responses to the agency's discovery within 7 days and warning her that a failure to comply may result in the imposition of sanctions. IAF, Tab 35. The appellant filed a January 14, 2020 response, arguing that the agency already had the information it sought in her reply to the agency's proposed removal and in her

---

[2] Although the administrative judge found that the appellant's objections to the agency's written discovery were untimely raised, he nevertheless considered them and determined they were not valid. IAF, Tab 61, ID at 9-10 n.3. As discussed below, we agree with the administrative judge's analysis.

EEO case. IAF, Tab 37 at 4-5. She provided no further response to the agency's discovery requests. In a January 24, 2020 conference call, the administrative judge ordered the appellant, for a second time, to provide full and complete responses to the agency's written discovery, due on or before January 29, 2020. IAF, Tab 40 at 2. This time, he warned her that her "failure to comply with this order will result in the imposition of sanctions, pursuant to 5 C.F.R. § 1201.43, up to and including dismissal of this appeal." *Id.* (emphasis in original).

The appellant did not comply.[3] Instead, the appellant filed a February 10, 2020 request for a protective order, arguing, among other things, that the agency's discovery requests were unreasonably duplicative, unduly burdensome or expensive, and obtainable from another source. IAF, Tab 42 at 6. The administrative judge immediately denied the request, finding it untimely in light of the appellant's continued resistance to his multiple orders to respond to the agency's written discovery. IAF, Tab 43 at 1. He also found that the appellant had failed to show that any limitation on the agency's discovery requests was warranted. *Id.* at 1-2. He ordered her, for a third time, to comply with his orders to continue and complete discovery. *Id.* at 2. The agency then filed a third motion for sanctions, requesting that the administrative judge dismiss the appeal with prejudice. IAF, Tab 45.

Because it was unclear whether the appellant had ever supplemented her discovery responses, the administrative judge subsequently ordered the agency to clarify whether the appellant had supplemented her responses. IAF, Tab 51 at 2. He ordered the appellant, in pertinent part, to show cause why her appeal should not be dismissed with prejudice as a sanction for her multiple failures to comply

---

[3] On January 29, 2020, the appellant submitted to the agency a discovery response from a different Board appeal, an individual right of action appeal which the administrative judge had dismissed without prejudice on January 28, 2020. IAF, Tab 48 at 4-25, Tab 50 at 7-8, Tab 51 at 1; *Lewis v. Social Security Administration*, MSPB Docket No. PH-1221-20-0085-W-1, Initial Decision (Jan. 28, 2020). This submission prompted the administrative judge to inquire, among other things, whether the appellant had ever supplemented her discovery responses in this appeal. IAF, Tab 51 at 2.

with his orders to provide full and complete responses to the agency's written discovery. *Id*.

The administrative judge found that the appellant submitted fraudulent evidence asserting that, in a March 1, 2020 email, she had supplemented her responses to the agency's written discovery.

In an April 6, 2020 conference call, the appellant asserted that she believed that she had supplemented her discovery responses, and the administrative judge ordered her to submit those responses. IAF, Tab 58 at 2. In response, she asserted that she had done so on March 1, 2020, and she included a screenshot of her Gmail account as proof of her assertion. IAF, Tab 59 at 5, 27. The agency replied that, despite extensive searching, it had no record of receiving the appellant's March 1, 2020 email and noted, among other things, that the screenshot the appellant provided as proof that she had supplemented her discovery responses did not indicate that the email with the supplemental discovery response had actually been sent. IAF, Tab 60 at 7-8. The administrative judge found in an April 30, 2020 order that the agency had raised serious allegations that the appellant had falsely claimed that she had supplemented her discovery response on March 1, 2020, and he ordered the appellant to address the agency's allegations. IAF, Tab 61 at 3-4. The appellant responded, but she failed to address the agency's allegations as she was ordered; she instead argued that the agency had committed multiple fraudulent acts in an effort to get her case dismissed. IAF, Tab 62 at 1-9. The administrative judge ultimately determined that the appellant had falsely claimed that she had supplemented her discovery responses in her March 1, 2020 email to the agency. ID at 11. He found that she had instead done so on April 8, 2020, which was 4 months after the responses were due, and 11 weeks after the deadline he set for her to respond when he granted the agency's first motion to compel. *Id*. After considering the evidence before him, the administrative judge was "left with the firm conviction that the appellant did not serve her supplemental discovery

responses on the agency on March 1, 2020," and he determined that the evidence she submitted, as well as the declaration she made in her April 8, 2020 pleading saying she had served the discovery responses on the agency on March 1, 2020, were therefore false. ID at 15.

The administrative judge found that the appellant failed to answer deposition questions after he had ordered her to do so.

As noted above, on November 20, 2019, the agency timely served notice that it would depose the appellant at its office on December 18, 2019. IAF, Tab 28 at 11-12. The appellant filed a December 4, 2019 motion for a protective order requesting that the deposition be held telephonically because, among other things, she claimed that she did not feel safe at the agency's headquarters and could not afford to drive there for the deposition. IAF, Tab 26 at 5. The agency then filed a motion to compel an in-person deposition, in which, among other things, it offered to hold the deposition at a neutral location, such as the court reporter's office. IAF, Tab 28 at 5-7. In a December 12, 2019 conference call summary, the administrative judge noted the parties' subsequent agreement to cooperate to schedule an in-person deposition in January 2020. IAF, Tab 31 at 2. In its first motion for sanctions, the agency alleged that the appellant had failed to cooperate on setting a deposition date. IAF, Tab 34 at 6-7. The administrative judge denied the motion for sanctions and ordered the appellant to cooperate in rescheduling her deposition to be held in January 2020. IAF, Tab 35 at 2. He noted that the agency may refile its motion at any time if the appellant failed to comply with the order. *Id.*, n.2.

The agency's second motion for sanctions alleged, in pertinent part, that the appellant had again failed to cooperate in scheduling her deposition and requested that the administrative judge dismiss the appeal with prejudice as a sanction. IAF, Tab 38 at 5-7. In a January 24, 2020 conference call summary, the administrative judge noted that the parties had reached another agreement to hold the appellant's deposition, either on February 12, 2020, or if that date was

not possible, to cooperate to hold it within 1 week of that date. IAF, Tab 40 at 2. Nevertheless, on February 10, 2020, the appellant filed another motion for a protective order, which the administrative judge immediately denied as untimely in light of her continued resistance to his orders to answer the agency's written discovery and to cooperate in scheduling her deposition. IAF, Tab 43 at 1. He also found that the appellant had failed to show that the agency's deposition or discovery questions should be limited, and he therefore ordered her to comply with his prior orders concerning discovery or face sanctions. *Id.* at 1-2.

The deposition was held on February 12, 2020, and in its third motion for sanctions, the agency explained that, among other things, the appellant had refused to answer a series of questions concerning her current employment and financial circumstances. IAF, Tab 47 at 8, 27-28, 43-46. The parties contacted the administrative judge during the deposition, and he explained to the appellant that the information the agency sought was discoverable and instructed her to answer the agency's questions or face sanctions for her continued noncompliance. *Id.* at 8-9, 102-03. Nevertheless, after the parties concluded their conference call with the administrative judge, the appellant continued to refuse to answer the agency's questions. *Id.* at 108-09. Although the appellant subsequently abandoned her back pay claim, such that the agency's questions about her finances were arguably not relevant, the administrative judge found that in the absence of any evidence that the appellant had made the decision to waive her back pay at the time of the deposition, or had asserted such a waiver as a basis for objecting to the questions at the deposition, her noncompliance merited significant weight in determining an appropriate sanction. ID at 12, n.6.

The administrative judge dismissed the appeal with prejudice as a sanction, and the appellant has filed a petition for review of the initial decision.

The administrative judge ultimately concluded that the appellant's failure to comply with his orders to provide full and complete answers to the agency's written discovery and her refusal to answer deposition questions were both willful

and showed clear evidence of bad faith in the prosecution of her appeal. ID at 12. Accordingly, he dismissed the appeal with prejudice. ID at 12, 15-16.

On review, the appellant argues that the agency's discovery requests were unduly burdensome and intended to cause her a financial strain. Petition for Review (PFR) File, Tab 2 at 5-7.[4] She reiterates that the agency's confiscation of her work computer when it put her on administrative leave prior to her removal left her without access to the information she needed to answer the agency's questions. *Id.* at 6-7, 9. Nevertheless, she also claims that her answers were sufficient. *Id.* at 10. She similarly reiterates her assertion that she had already provided the same or similar information in her EEO matter that the agency sought in its discovery requests in this appeal. *Id.* Concerning the administrative judge's finding that she fraudulently asserted that she had supplemented her responses to the agency's written discovery, the appellant states that the agency or the administrative judge could have asked her to send them the email directly to verify its authenticity, but they did not ask her to do so. *Id.* at 12.

Regarding her deposition, the appellant contends on review that the agency's questions were outside the scope of her appeal, and the deposition itself was intended to "harass, embarrass, harm, impede, or needlessly impose a cost or burden" on her. *Id.* at 10. She claims that she did not feel safe answering the agency's questions about her financial situation due to her pending EEO complaint. *Id.* at 8. She explained that she did not want the agency to retaliate against current and future job opportunities and that, despite her disabilities of post-traumatic stress disorder (PTSD) and military sexual trauma (MST), the administrative judge ignored her request for a protective order. *Id.* She also claims that the administrative judge ignored a letter from her therapist alleging that agency counsel mocked her at her deposition. *Id.* at 9; IAF, Tab 56 at 20.

---

[4] The appellant filed an Amended Petition for Review which is virtually identical to her Petition for Review, save for several references in the amended version concerning her EEO matter. PFR File, Tab 2 at 4-5, 9.

The appellant also asserts that the administrative judge was biased against her. PFR File, Tab 2 at 7-8, 12, 15-16. She challenges the administrative judge's processing of her appeal and claims that he failed to address her due process claim. *Id.* at 10, 12-13, 15-16. The agency has filed a response to the appellant's petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant failed to show that the administrative judge abused his discretion when he dismissed the appeal as a sanction for her failure to comply with his discovery orders</u>.

It is well settled that administrative judges have broad discretion to regulate the proceedings before them, including the authority to rule on discovery motions and to impose sanctions as necessary to serve the ends of justice. *Defense Intelligence Agency v. Department of Defense*, 122 M.S.P.R. 444, ¶ 16 (2015); *Roth v. Department of Transportation*, 54 M.S.P.R. 172, 175-76 (1992), *aff'd per curiam*, 988 F.2d 130 (Fed. Cir. 1993) (Table); *see* 5 C.F.R. § 1201.43 (discussing the circumstances under which an administrative judge may impose sanctions, including failure to comply with an order). The extreme sanction of dismissal with prejudice should be imposed only when a party has failed to exercise basic due diligence in complying with any order, or when a party has exhibited negligence or bad faith in its efforts to comply. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 7 (2011); *see Roth*, 54 M.S.P.R. at 176-77.

Concerning the imposition of sanctions for a party's failure to comply with discovery-related rulings, the Board will consider the reason for the party's failure to comply in determining what sanction to impose, but if the party's discovery violation is found to be willful, the Board may dismiss the appeal based on just a single failure to obey a discovery order. *Roth*, 54 M.S.P.R. at 176. The imposition of sanctions is a matter within the administrative judge's sound discretion, and the Board will not find that the decision constitutes reversible

error absent a showing that such discretion has been abused. *Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 11 (2011), *aff'd*, 498 F. App'x 1 (Fed. Cir. 2012).

Here, the administrative judge found that the appellant willfully failed to comply with multiple orders instructing her to provide full and complete responses to the agency's written discovery. ID at 9-12. He also found that she refused to answer specific questions at her deposition after he had explained to her that the information was discoverable and that she would receive a severe sanction if she refused to answer. ID at 12. On the basis of the appellant's failure to comply with his discovery orders, and his finding that she submitted falsified evidence in response to another, he dismissed the appeal with prejudice as a sanction. ID at 15-16.

As explained below, rather than explicitly challenge the administrative judge's finding that she failed to comply with his discovery orders, the appellant generally reiterates her objections to the agency's discovery efforts.[5] However,

_____

[5] As noted above, the administrative judge found that the appellant's objections to the agency's written discovery were untimely raised. ID at 9 n.3; Tab 37 at 4-5; 5 C.F.R. § 1201.73(b), (d)(2) (requiring a response or objection to discovery be filed within 20 days of service of the discovery). The agency served its discovery on November 20, 2019, and the appellant's objections were filed on January 14, 2020. IAF, Tab 32 at 13; Tab 37 at 4-5. The appellant also failed to respond to the agency's motion to compel in a timely fashion. IAF, Tab 35 at 1. The agency served its motion to compel on the appellant electronically on December 9, 2019. IAF, Tab 28 at 34. Board regulations require that a party respond in opposition to a motion to compel within 10 days of the date of service of the motion. 5 C.F.R. § 1201.73(d)(3). The appellant filed numerous pleadings subsequent to the agency's motion to compel, but she did not directly address the agency's motion until January 14, 2020, when she asserted her first objections to the agency's discovery requests, nearly 1 month after the agency served its motion on her. IAF, Tab 28 at 34, Tab 37 at 4-5. Thus, the administrative judge did not abuse his discretion in finding that the appellant's response to the agency's motion to compel, and her objections to the agency's discovery requests, were both untimely. *Cf. Fellhoelter v. Department of Agriculture*, 568 F.3d 965, 977 (Fed. Cir 2009) (finding that, in the absence of good cause for the late filing of a motion to compel, the administrative judge did not abuse his discretion in denying the motion as untimely). Nevertheless, the administrative judge reviewed the appellant's objections on the merits, and he determined that they were not valid because, for example, she had not filed any of the discovery responses from her EEO proceeding that purportedly contained the

what is at issue on review is the appellant's compliance with the administrative judge's orders and the resulting dismissal of the appeal for failure to comply with those orders, not the appellant's objections to the agency's discovery requests. *See Montgomery v. Department of the Army*, 80 M.S.P.R. 435, ¶ 9 (1998) (finding that the agency's objections to the appellant's discovery requests were irrelevant to the imposition of sanctions for noncompliance with the administrative judge's order to produce the materials). Because the record establishes that the appellant willfully failed to comply with multiple discovery orders issued in this appeal, the administrative judge did not abuse his discretion in dismissing the appeal with prejudice as a sanction. *Williams*, 116 M.S.P.R. 377, ¶¶ 9, 12; *Roth*, 54 M.S.P.R. at 176.

Concerning the deposition, we agree with the administrative judge that the appellant's failure to assert that she was waiving her back pay claim until after the deposition concluded supports a finding that she failed to comply with his order to answer the agency's questions at the deposition and merits significant weight. ID at 12 n.6. This is yet another instance of the appellant failing to comply with the administrative judge's discovery related rulings.[6] That failure, when combined with the other failures, supports the administrative judge's imposition of the sanction of dismissal of the appellant's appeal. *Roth*, 54 M.S.P.R. at 176 (upholding a dismissal with prejudice based on a single willful failure to comply with an administrative judge's discovery order).

---

information that the agency requested, and, in any event, that action could not have included her removal, as that action is within the Board's jurisdiction. ID at 9 n.3. We agree. The appellant identifies no reason in her petition for review to revisit the administrative judge's findings concerning these objections.

[6] To the extent that the appellant's waiver of her potential back pay claim may indicate that her failure to obey the administrative judge's order to answer the agency's deposition questions may not support the imposition of sanctions in and of itself, it does not change the result here because the appellant's multiple failures to obey the administrative judge's orders concerning written discovery more than justify the sanction he imposed. ID at 9-12. *Roth*, 54 M.S.P.R. at 176.

Concerning the administrative judge's finding that she fraudulently asserted that she had supplemented her responses to the agency's written discovery, the appellant states that the agency or the administrative judge could have asked her to send them the email directly to verify its authenticity, but they did not ask her to do so. PFR File, Tab 2 at 12. However, it was not the agency's burden to do so. The administrative judge ordered the appellant to address the agency's argument that she had introduced fraudulent evidence to support her claim that she had supplemented her discovery responses in an email she sent to the agency on March 1, 2010. IAF, Tab 61 at 3-4. The appellant's claim on review that she could have somehow refuted the assertion that she submitted fraudulent evidence if only the agency or the administrative judge had just asked her to do so is belied by the record, which shows that the administrative judge ordered the appellant to address the agency's contentions that her evidence was fraudulent, and she simply failed to do so.

The appellant failed to show that the administrative judge was biased against her.

The appellant makes several assertions concerning the administrative judge's handling of the proceedings, which we consider as claims of bias. She alleges on review that the administrative judge denied her motion for a protection order the same day she filed it because he was biased against her. PFR File, Tab 2 at 7-8; IAF, Tab 26, 42-43. She also asserts that bias prevented the administrative judge from following up to request an authentic copy of the March 1, 2020 email in which she allegedly supplemented her discovery response, PFR File, Tab 2 at 12. She also complains that the administrative judge rejected her pleading containing notes of a conference call, failed to rule on her due process claim, and held the agency to a different standard by failing to sanction it for its failure to respond to two of his orders. PFR File, Tab 2 at 15-16; IAF, Tab 23.

In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies

administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). The fact that an administrative judge has ruled against a party, or mere conclusory statements of bias, do not provide sufficient bases for disqualification. *Lee v. U.S. Postal Service*, 48 M.S.P.R. 274, 281 (1991). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

The appellant presents no evidence in support of her conclusory statements of bias, save for the fact that the administrative judge denied her motions. Her statements do not come close to overcoming the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver*, 1 M.S.P.R. at 386. Concerning the administrative judge's April 30, 2020 order for the appellant to address the allegation that she had submitted fraudulent evidence, the appellant could have submitted the March 1, 2020 email in response herself, and her failure to do so does not show bias on the part of the administrative judge. PFR File, Tab 2 at 12; *see* IAF, Tab 61.

As for her pleading including notes of the settlement conference, the administrative judge explained in an order that he rejected the pleading because the conference was informal, he did not make any rulings during the conference, and the notes contained inaccurate statements. IAF, Tab 23. Inasmuch as the conference concerned settlement, it is well established that settlement offers are inadmissible on the merits of a case, *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 3 n.2 (2016), and even if the administrative judge erred in deleting the notes, the appellant's substantive rights were not harmed, *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

As for her allegation that the administrative judge failed to rule on her due process claim, the appellant explains that her claim concerns the agency's search of her work computer for evidence against her. PFR File, Tab 2 at 15. However, the appellant's claim that the agency improperly searched her computer goes to the merits of her appeal and, like her objections to the agency's discovery discussed above, is not relevant to the issue on review, i.e., the administrative judge's imposition of a sanction for her noncompliance with his discovery orders. *Montgomery*, 80 M.S.P.R. 435, ¶ 9. Concerning her allegations that the administrative judge did not sanction the agency for its failure to respond to his March 13 and April 30, 2020 orders, the appellant's argument is without merit as neither of those orders required a response from the agency.[7] *See* IAF, Tab 55 at 2, Tab 61 at 4.

The appellant also asserted that, in considering the appellant's conduct during her deposition, the administrative judge ignored a letter from her therapist alleging that agency counsel mocked the appellant about her responses. PFR File, Tab 1 at 7, 10-11; IAF, Tab 56 at 20. Even if the administrative judge did not mention all of the evidence of record, it does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Moreover, neither the appellant nor her therapist explains what agency counsel said. Although the therapist alleged that agency counsel appeared to be trying to rattle the appellant, her description of the counsel's behavior, e.g., dropping documents and using hostile facial expressions, even if true, does not establish that agency counsel mocked the appellant. IAF, Tab 56 at 20. Further, the questions for which the therapist alleged that the agency counsel mocked the appellant's responses are the same ones concerning her finances that the administrative judge unsuccessfully ordered the appellant to answer. *Id.* IAF,

---

[7] The administrative judge's April 30, 2020 order provided that "[t]he agency may file evidence and argument in response to appellant's filing," but it did not require the agency to file a response. IAF, Tab 61 at 4 (emphasis supplied).

Tab 44 at 5-6; ID at 4. As for the appellant's assertion that the administrative judge ignored her request for a protective order despite her alleged disabilities, the appellant misrepresents what occurred. PFR File, Tab 2 at 8. The record instead reflects that the parties reached a compromise concerning the appellant's first request for a protective order, IAF Tab 26, Tab 31 at 2, and the administrative judge denied the appellant's second request for a protective order as untimely, IAF, Tab 43 at 1. Again, the appellant fails to show that the administrative judge abused his discretion.

Accordingly, we affirm the initial decision dismissing the appellant's appeal as a sanction for her willful failure to comply with the administrative judge's discovery orders.

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                           *Gina K. Grippando*
                          _____
                          Gina K. Grippando
                          Clerk of the Board

Washington, D.C.